L. S. SMAILES *v.* PEARL NELSON SMAILES

(No. 7603)

Submitted November 7, 1933.   Decided November 28, 1933.

*H. E. Dillon, Jr.,* and *T. A. Myles,* for appellant.
*William G. Thompson,* for appellee.

LITZ, JUDGE:

Plaintiff, L. S. Smailes, seeks a divorce from bed and board because of alleged indifferent, abusive and cruel treatment accorded him by defendant, Pearl Nelson Smailes, causing impairment of his health.

She has appealed from a decree, granting him a divorce as prayed in the bill and awarding her judgment against him for $325.00 in satisfaction of all claims by her against him or his estate.

The parties, widower and widow, were intermarried October 17, 1930, after entering into a written contract whereby he agreed to pay her, after the marriage, $16.66 per month as long as she remained his wife. Her former husband died early in 1929, leaving her, at the age of 42 with eight children, without means of support. In April of that year, her brother moved her and the children from Greenbrier County into a house, near his own in Fayette County, which he had recently purchased from plaintiff, who was living therein at the time of the sale. After disposing of this property, plaintiff, then 79 years of age, went to live with one of his sons nearby. He soon became interested in defendant, visiting her frequently at her home, and soliciting food and clothing for her and her destitute children. After the marriage, he took her and the children to a new, if modest, home which he had built in the immediate vicinity. The marital relations continued until December 30, 1931, when he left her, returning to the home of his son where he has since resided.

The cause was referred to a divorce commissioner who heard the proof. According to the evidence for plaintiff, he owns no property other than the house in which defendant and her children are living and ten acres of land around it, estimated at the value of $1,500.00; she first suggested marriage and the execution of the antenuptial contract, under which he made monthly payments to her until April, 1931; he got along "fairly well" with the children, but his wife often quarreled with him and told him she did not love him; he was at times disturbed by the noise of the children; and the environment of the household was injurious to his health.

She substantially denies his charges, and states that she

had always treated him kindly in providing for his wants.

After hearing the testimony the commissioner filed his report, finding it insufficient to establish any ground of divorce, but recommending that plaintiff be awarded complete control of his property upon paying defendant the sum of $500.00 in lieu of her dower interest therein. Exceptions having been filed to the report by both parties, the order complained of was entered.

We must concur in the conclusion of the commissioner that the evidence does not justify a decree of divorce for cruel and inhuman treatment within the meaning of chapter 48, article 2, section 5. ''To justify a divorce on the ground of cruel and inhuman treatment generally requires evidence of personal violence or other acts tending to break down the health and happiness of the offended spouse.'' *Schutte* v. *Schutte,* 90 W. Va. 787, 111 S. E. 840, 841.

The decree is, therefore, reversed and the bill dismissed.

*Reversed and dismissed.*